**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MAJ. MATTHEW SEEGER, *et al.*, | ) |
| | ) |
|     Plaintiffs, | ) Civil Action No. 1:17-cv-639-RMC |
| | ) |
| v. | ) |
| | ) Judge: Rosemary M. Collyer |
| UNITED STATES DEPARTMENT OF DEFENSE, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**PLAINTIFFS' BRIEF REGARDING SUBJECT-MATTER JURISDICTION**

Plaintiffs Maj. Matthew Seeger, *et al*. file this brief pursuant to the Court's request, at the July 26, 2017 hearing, that the parties address the basis for the Court's subject-matter jurisdiction over this case. This Court has "federal question" subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.

At the hearing, the Court raised the question of subject-matter jurisdiction *sua sponte*. The Court framed the question as follows:

> It is my understanding that under the – that the APA does not provide jurisdiction. It is not a jurisdictional statute. It is a platform, a way to enforce requirements set by other statutes, requirements that agency final decisions not be arbitrary and capricious, et cetera. But you have to have another statute on which your basic rights depend in order to bring an APA claim that asserts that an agency failed to give your rights their proper due procedurally, that being a procedural statute, and I have not found reference by anybody here to any such statutory basis for the claims.

*See* Transcript of Preliminary Injunction Hearing, July 26, 2017, at 5:2-12. This question, as framed by the Court, raises issues regarding (1) the source of the Court's subject-matter jurisdiction to consider claims under the Administrative Procedure Act ("APA"), and (2) whether a separate substantive statute is required in APA claims. Plaintiffs address each issue in turn.

### A. Federal Question Subject-Matter Jurisdiction Applies

This Court has federal question subject-matter jurisdiction to decide this case. As the Court noted at the hearing, the APA does not by itself provide the Court with subject-matter jurisdiction. *See Califano v. Sanders*, 430 U.S. 99, 105 (1977). Rather, the Supreme Court of the United States has explained that the federal question jurisdiction statute (28 U.S.C. § 1331),

as expanded by Congress in 1976 to eliminate the amount-in-controversy requirement, provides the basis for subject-matter jurisdiction over challenges to agency action.[1]  *Id*. at 105-06.

In accordance with Supreme Court precedent, the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") consistently has recognized that "jurisdiction over APA challenges to federal agency action is vested in district courts unless a preclusion of review statute . . . specifically bars judicial review in the district court."  *Robbins v. Reagan*, 780 F.2d 37, 42 (D.C. Cir. 1985); *see also Megapulse, Inc. v. Lewis*, 672 F.2d 959, 966 n.30 (D.C. Cir. 1982) ("Even though the APA itself technically grants no jurisdiction, power to review any agency action under the APA exists under 28 U.S.C. s 1331").  In *Robbins*, the government argued that because there was no federal law other than the APA governing the agency action challenged in that case—the decision to grant or revoke federal funds for maintenance of a homeless shelter— the court lacked subject-matter jurisdiction.  *Robbins*, 780 F.2d at 42.  The D.C. Circuit rejected that argument and found that the district court did have subject-matter jurisdiction under 28 U.S.C. § 1331.  *Id*. at 44.

Federal question subject-matter jurisdiction over APA claims is well established; as the D.C. Circuit noted in *Robbins*:

> Professor Davis has reached the identical conclusion in his *Administrative Law Treatise*.  As Davis states:  "[N]o one is ever denied review of reviewable action of a federal agency for want of a court with jurisdiction because, unless exclusive jurisdiction to review is conferred on some other court [or withdrawn by statute] a district court always has jurisdiction to review federal administrative action under 28 U.S.C. § 1331. . . ." 4 K. Davis, *Administrative Law Treatise* § 23:3 at 128-29 (2d ed. 1983).

*Robbins*, 780 F.2d at 43 (emphasis added).  Accordingly, this Court has federal question subject-matter jurisdiction to consider Plaintiffs' APA challenges to the Department of Defense's

---

[1] The exception to this general rule, which was the case in *Califano*, is where a statute explicitly prohibits judicial review of agency action.  There is no such statutory prohibition here.

decision to assign military commissions personnel to live and work at Camp Justice (final agency action) and failure to complete the prescribed risk management process in a timely fashion (unreasonable delay).

### B. Lack of a Statutory Predicate Does Not Deprive the Court of Subject-Matter Jurisdiction Over an APA Claim

The questions posed by this Court for this supplemental briefing appear to also raise the issues of (1) whether a separate statutory basis is required for an APA claim, and (2) if so, whether the lack of a statutory predicate deprives the Court of subject-matter jurisdiction. The answer to both questions is "no."

#### 1. *The APA Does Not Require a Separate Statutory Predicate*

An APA claim is not required to be based on a separate statutory predicate. The APA expressly states that "[a]gency action made reviewable by statute *and final agency action for which there is no other adequate remedy in a court* are subject to judicial review." 5 U.S.C. § 704 (emphasis added). This language expressed Congress's clear intention that the APA applies to actions that are not reviewable under any other statute.

The D.C. Circuit has recognized that "it is clear that the APA 'suppl[ies] a generic cause of action in favor of persons aggrieved by agency action.'" *Trudeau v. FTC*, 456 F.3d 178, 188 (D.C. Cir. 2006). Specifically, the APA empowers courts "to hold unlawful and set aside agency action, findings, and conclusions found to be--

    (A)    Arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

    (B)    Contrary to constitutional right, power, privilege, or immunity;

    (C)    In excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

    (D)    Without observance of procedure required by law. . . ."

5 U.S.C. § 706. These provisions <u>permit</u> APA claims that are based on a separate substantive statute. For example, many APA claims are brought pursuant to section (C)—alleging that an agency has acted in excess of its statutory authority. Others are brought pursuant to section (A) of this statute—alleging that an agency has acted "not in accordance with law" where it has taken action inconsistent with its organic act. However, nothing in the text of the APA <u>requires</u> a claim to be grounded in a separate substantive statute. Indeed, a claim may be based on allegations that agency action is arbitrary and capricious—as Plaintiffs have alleged here—or on allegations that the agency has taken action without observing procedures required by law—as Plaintiffs have also alleged here. This includes an agency's failure to follow its own regulations and procedures, which is a well-established basis upon which to challenge agency action. *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954); *Service v. Dulles*, 354 U.S. 363 (1957). In short, there are a number of different avenues a Plaintiff may take to challenge agency action, and only some of them require reliance on a separate substantive statute.[2]

### 2.    *This Issue is Not Jurisdictional*

Even if a separate statutory predicate were required for an APA claim to survive on the merits (which, as shown above, it is not), this issue is not <u>jurisdictional</u>. The Court's subject-matter jurisdiction does not derive from the APA itself, but rather from the federal question jurisdiction statute (see Section A above). Thus, even if Plaintiffs' claims were not reviewable under the APA, the Court would not be deprived of subject-matter jurisdiction. *See Trudeau*,

---

[2] Courts do sometimes look to separate substantive statutes when determining whether they have judicially manageable standards for evaluating an agency's action. *See Heckler v. Chaney*, 470 U.S. 821 (1985). Again, however, this issue is not jurisdictional. It relates to the question of whether a particular agency action falls within the APA's statutory exception for "agency action [that] is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). Defendants did not raise this issue in their Motion to Dismiss, nor is it relevant to the question of whether this Court has subject-matter jurisdiction over this case, so Plaintiffs do not address it here.

456 F.3d at 183-84.  In *Trudeau*, the D.C. Circuit held that because the APA itself does not contain a grant of jurisdiction, even if the court concluded that an agency action was not reviewable final agency action, "that inference would not deprive a federal court of any jurisdiction it otherwise has."  *Id*.  Put differently, a court's jurisdiction over an APA claim comes from a separate and independent source—the federal question jurisdiction statute.  Thus, because the APA is not the source of the court's jurisdiction, any defects in the merits of an APA claim have no bearing on jurisdiction.

This reasoning is illustrated, in the context of an APA claim against the Department of Defense, in *Doe v. Rumsfeld*, 800 F. Supp. 2d 94 (D.D.C. 2011), reversed on other grounds, 683 F.3d 390 (D.C. Cir 2012).  There, a plaintiff sought the return of property that had been seized by the government.  *Id*. at 122.  The government moved to dismiss this claim both for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6).  *Id*.  The court concluded that it had subject-matter jurisdiction over the claim pursuant to 28 U.S.C. § 1331 (*Id*. at 123), even though the plaintiff had failed to state a claim because the challenged action did not constitute "final agency action" (*Id*. at 124).  The same reasoning holds true for challenges to arbitrary and capricious agency action and "unreasonable delay" claims.

There are some cases from the United States District Court for the District of Columbia concluding that the court has jurisdiction over an "unreasonable delay" APA claim *only if* the agency has a duty to perform a ministerial or nondiscretionary act.  *See*, *e.g.*, *Hamandi v. Chertoff*, 550 F. Supp. 2d 46, 50 (D.D.C. 2008) ("[A] plaintiff may invoke subject matter jurisdiction under the APA only if the defendant had a duty to perform a ministerial or nondiscretionary act."); *Lakner v. United States DOD*, 755 F. Supp. 2d 132, 137 (D.D.C. 2010) (finding that the court lacked jurisdiction over the matter because no statute or regulation

required DoD to act). These holdings are mistaken, however, to the extent that they conclude that this issue deprives a court of subject-matter jurisdiction over the case, as opposed to causing such claims to fail on the merits. The requirement in an "unreasonable delay" claim to demonstrate that an agency has a legal duty to act goes to the merits of that claim, not to the court's jurisdiction. When a plaintiff seeks an order compelling agency action "unlawfully withheld or unreasonably delayed," courts require him to demonstrate that the agency "failed to take a *discrete* agency action that it is *required to take*." *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) (emphasis in original). This requirement flows from the statutory language in the APA, which authorizes relief only where agency action is "unlawfully" withheld. *Id*. at 63. Accordingly, this requirement—like the requirement that a court may only review "final agency action" under the APA—cannot be jurisdictional, because it is grounded in the text of the APA itself, and the APA does not supply the basis for the Court's jurisdiction. *Cf. Trudeau*, 456 F.3d at 183-84.

Because the substantive merits of an APA claim are not jurisdictional, they should be addressed in the context of a Rule 12(b)(6) motion. However, here, the government raised no argument in its Motion to Dismiss that Plaintiffs' claims fail for lack of a *statutory* basis. Rather, the government argued more generally that "Plaintiffs have not cited to any legal requirements for precise, definite acts that DoD is required but has failed to take by any type of date-certain," and that the military regulations Plaintiffs rely upon in the Complaint are too general and discretionary to support this claim. *See* Defs.' Opp'n to Pls.' Appl. Prelim. Inj. and Mot. Dismiss Pls.' Compl., ECF No. 10, at 17-18. Essentially, the government argued that the military regulations cited in the Complaint are too general and discretionary to support Plaintiffs' claim for unreasonable delay—not that military regulations in general are non-binding on the

agency.  Not until the government's Reply brief did it, for the first time, assert that the specific, detailed DoD Instruction prescribing the risk management process, relied upon in the Complaint, constituted merely "[i]nternal guidelines" that "do not create an actionable duty for an agency." *See* Defs.' Reply Pls.' Opp'n Defs.' Mot. Dismiss, ECF No. 29, at 7.  Plaintiffs disagree with the government's arguments.[3]  But regardless of the merits of these arguments, they do not bear upon this Court's jurisdiction to consider the case and should, instead, be considered and decided in the context of the government's Motion to Dismiss.  Furthermore, the government has <u>never</u> argued that regulations in general are insufficient to create an actionable duty for the agency and that Plaintiffs' claim for unreasonable delay requires a *statutory* basis.  Given that this issue is not jurisdictional and has not been properly raised by Defendants, it is not properly before the Court at present.[4]

### C.    Conclusion

For the foregoing reasons, this Court has federal question subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.  Plaintiffs respectfully request that the Court issue an order finding that it has subject-matter jurisdiction over this case.  Plaintiffs further request that the Court grant them leave to file a Sur-Reply in response to Defendants' Motion to Dismiss, for

---

[3] Plaintiffs reiterate their request that the Court grant them leave to file a Sur-reply on this issue, once the Court has determined the jurisdictional issue and moved forward to a consideration of the Motion to Dismiss on the merits.  Plaintiffs believe that the military regulations at issue in this case are binding on the Department of Defense and have the weight of law.  Because this issue was raised for the first time in the government's Reply brief, the Plaintiffs have not had the opportunity to brief this issue, and they request it now.

[4] Even if this issue were properly before the Court, Plaintiffs would prevail.  A legal duty to act can be created by regulations, not just by statutes.  *See, e.g., Fort Sill Apache Tribe v. Nat'l Indian Gaming Comm'n*, 103 F. Supp. 3d 113 (D.D.C. 2015) (relying exclusively on citations to regulations for the premise that NIGC has a "mandatory, nondiscretionary duty" to issue a decision on an appeal from a notice of violation).  Furthermore, the APA itself imposes "a general but nondiscretionary duty upon an administrative agency to pass upon a matter presented to it 'within a reasonable time . . . .'"  *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1099 (D.C. Cir. 2003).

the purpose of addressing arguments and issues raised for the first time in the government's Reply brief on that Motion.

August 9, 2017                                    Respectfully submitted,

                                               /s/  Daniel A. Small
Daniel A. Small (#465094)
Johanna M. Hickman (#981770)
Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW  ● Fifth Floor
Washington, DC  20005
Telephone:  (202) 408-4600
dsmall@cohenmilstein.com
jhickman@cohenmilstein.com


Michael C. Davis (#485311)
Margaret K. Fawal (#1013495)
Venable LLP
600 Massachusetts Ave. NW
Washington, DC  20001
Telephone:  (202) 344-4000
MCDavis@Venable.com
MKFawal@Venable.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 9, 2017, I electronically filed the *Plaintiffs' Brief Regarding Subject-Matter Jurisdiction* with the Clerk of the Court using the ECF, who in turn sent notice to the following:

Jason T. Cohen
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, DC 20530


Dated:   August 9, 2017                     /s/ Daniel A. Small
                                            Daniel A Small